# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE ESQUIVEL,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendants. | 1:06-cv-1771-SMS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO LIMIT AD DAMNUM ALLEGATIONS TO $80,000.00 (DOC. 20) |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

Pending before the Court is Defendant's motion to limit the ad damnum allegations of the complaint and thus the amount of damages that may be awarded to the Plaintiff. Defendant's motion, including the declarations with attached exhibits of Assistant United States Attorney (AUSA) Benjamin Hall and of Lorenzo Ferguson, was filed and served electronically on Plaintiff's counsel on April 10, 2008. Plaintiff did not file either opposition or a notice of non-opposition to the motion. On May 8, 2008, Defendant filed a paper styled as a reply in which counsel noted Plaintiff's failure to file a notice of non-opposition to

the motion and further noted Plaintiff's failure to return a telephone call inquiring about Plaintiff's response to the motion; Defendant requested that the hearing be vacated. By minute order dated May 9, 2008, the hearing on the motion was vacated, and the matter has been submitted to the Court.

I. Legal Standards

Title 28 U.S.C. § 2675 states in part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
>
> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim. (Emphasis added.)

The exhaustion requirement set forth in § 2675(a) is jurisdictional in nature and must be interpreted strictly. Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006).

The provision of § 2675(b) that an action not be instituted for any sum in excess of the amount of the claim presented means that the amount sought in a federal action cannot exceed the

amount of the administrative claim, and proof is limited to the amount claimed. Blair v. I.R.S., 304 F.3d 861, 866 (9th Cir. 2002). A claim must contain a statement of a sum certain. Id. at 865-66. The federal courts have consistently held that unless the plaintiff establishes new evidence or intervening facts, the ad damnum clause may not allege damages in excess of the amount claimed in the administrative action. Lebron v. United States, 279 F.3d 321, 330 (5th Cir. 2002); Michels v. United States, 31 F.3d 686, 689 (8th Cir. 1994); Kielwien v. United States, 540 F.2d 676, 680 (4th Cir. 1976), cert. den., 429 U.S. 979 (1976); Schwartz v. United States, 446 F.2d 1380, 1381 (3rd Cir. 1971); Salcedo-Albanez v. United States, 149 F.Supp.2d 1240, 1245 n. 4 (S.D.Cal. 2001).

Section 2675(b) requires that the newly discovered evidence must have come to light after the administrative claim was filed, and it must not have been reasonably foreseeable at the time of filing the claim. Richardson v. United States, 841 F.2d 993, 999 (9th Cir. 1988).

Where a plaintiff seeks a greater recovery than was sought in the administrative claim, a motion to limit or reduce the ad damnum clause is an appropriate remedy. Ordahl v. United States, 601 F.Supp. 96, 97 (D.C.Mont. 1985).

II. Facts

Jurisdiction in this action is based on 28 U.S.C. § 1346.

Plaintiff seeks damages concerning the alleged negligence of an Army employee, who on May 16, 2005, operated a government vehicle in a manner that caused a collision and injury to Plaintiff, a passenger in the vehicle. (Cmplt. at 3.) Plaintiff

filed an administrative claim dated August 19, 2006, in which Plaintiff demanded $80,000.00 for head, neck, and back injuries, lacerations, blunt abdominal trauma, closed head injury, hematoma, cervical sprain, thoracic sprain and lumbar sprain. (Decl. of Lorenzo Ferguson, Chief of the Department of the Army's Operations and Records Branch ¶¶ 1, 4, Ex. A.) The claim was denied by a letter dated September 13, 2006. (Id., ¶ 4, Ex. B.) Ferguson declared that the Army had no record of Plaintiff's having submitted any amendment to the claim or otherwise having asserted any administrative claim for damages in excess of $80,000.00.

In the complaint filed in this Court, Plaintiff alleged that he had suffered embarrassment, humiliation, harm to reputation, severe mental and emotional distress, injury to health and well-being, costs of medical and psychological care and treatment, loss of income and future income, and other special and general damages, all to Plaintiff's damage in a amount totaling $1,500,000.00. (Cmplt ¶ 14.) Plaintiff prayed for special and damages in an amount to be proven at trial. (Id. at p. 4.)

Copies of Plaintiff's responses to interrogatories reflect that when asked to identify all physical, mental, or emotional injury or damage that Plaintiff attributed to the Defendants' negligence, Plaintiff responded, "Head injury (memory loss), headaches, neck, back, depression, unable to sleep at night, post traumatic stress disorder, nerve damage in hand, difficulty learning. (Decl. of Hall, Ex. B, p. 2.) He also mentioned complaints concerning inability to drive in the rain. (Id. p. 3.)

Excerpts of the deposition of Plaintiff taken on February

29, 2008, reveal that Plaintiff testified concerning various problems he attributed to the accident and the points in time at which Plaintiff became aware of the problems. Plaintiff testified that with respect to brain injury and short-term memory loss, he learned from his wife during the month after the car accident that Plaintiff could not remember things, Plaintiff would flip out, had low patience, and was suspected to be bipolar. (Hall Decl., Ex. A at 37-38, 39.) What Plaintiff came to identify as post-traumatic stress was noticed within the first month after the accident. (Id. at 41.) Trouble sleeping began right after the car accident and had stayed the same. (Id. at 49.) Nerve damage in the right hand with numbness was noticed within a month after the accident. (Id. at Memo. pp. 10.)[1] Within two weeks after the accident, Plaintiff's wife remarked to Plaintiff concerning what Plaintiff characterized as difficulty learning. (Id. at 56-58.)

III. Analysis

Here, Plaintiff suffered symptoms of what he characterizes as brain damage, short-term memory loss, impatience and other symptoms Plaintiff identifies as post-traumatic stress, trouble sleeping at night, nerve damage in his right hand, and difficulty learning, within weeks and the first month or two after the accident. He filed the administrative claim fifteen months after the accident. Plaintiff could have filed an amended claim but did not. See, Industrial Indemnity Co. v. United States, 504 F.Supp. 394, 399 (E.D.Cal. 1980). Plaintiff has not met his burden of

[1] Pages 50 and 52 of Plaintiff's depositions concerning nerve damages were not filed with the Court; however, the references to the transcript are sufficiently detailed and consistent with the record submitted that the Court will consider Defendant's assertions concerning their content to be correct. The Court notes that it is the plaintiff's burden to establish exceptions pursuant to § 2675(b).

demonstrating any newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or any intervening facts, relating to the amount of the claim.

Accordingly, Defendant's motion should be granted.

IV. Disposition

Therefore, Defendant's motion to limit the ad damnum allegations in this action IS GRANTED, and it IS ORDERED that Plaintiff's ultimate recovery in this action is limited to the $80,000.00 stated in the administrative complaint.

IT IS SO ORDERED.

**Dated: May 14, 2008** **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE