```
McGREGOR W. SCOTT
United States Attorney
BENJAMIN E. HALL (SBN 219924)
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
```

Attorneys for Defendant United States of America

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE ESQUIVEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | 1:06-cv-01771-SMS<br><br>**SETTLEMENT STIPULATION;**<br>**RELEASES; DISMISSAL; ORDER** |

　　　　IT IS HEREBY STIPULATED by and between Plaintiff, Eugene Esquivel ("Plaintiff"), and defendant, the United States of America ("United States") (collectively, the "parties"), and their undersigned attorneys as follows:

　　　　1.　The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

　　　　2.　The United States agrees to pay the sum of Fifty-Four Thousand Dollars ($54,000.00) to Plaintiff, which sum shall be in full settlement and satisfaction of any and all claims,

demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequence thereof, resulting, and to result, from the subject matter of this action, including any claims for wrongful death, which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States, its agents, servants, and employees.

3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sum set forth in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to this action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States and its agents, servants and employees from and against any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting

from further litigation or the prosecution of claims arising from the subject matter of this action.

   4. Plaintiff's undersigned attorney represents that he has explained, and Plaintiff warrants and represents that he intends, that this Stipulation shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing [this] Release, which if known by him or her must have materially affected his or her settlement with the debtor.

   5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

   6. The parties agree that they will each bear their own costs, fees, and expenses; that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future bills and liens will be the sole responsibility of Plaintiff. Pursuant to Title 28, United States Code, Section 2678, attorney's fees for

services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

   7. Payment of the settlement amount will be made by check or wire transfer payable to Plaintiff and his attorney, H. Ronald Sawl.  Plaintiff's attorney agrees to distribute the settlement proceeds.

   8. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this agreement.

   9. Each person signing this Stipulation warrants and represents that he possesses full authority to bind the person(s) on whose behalf he is signing to the terms of the Stipulation.

   10. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals.  This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.  All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

   11. Each person executing this Stipulation represents that he has read and understands its contents; that he executes this Stipulation voluntarily; and that he has not been influenced by any person acting on behalf of any party.

   12. The above-captioned action is hereby DISMISSED WITH PREJUDICE in its entirety and, upon approval by the Court as

4
SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER

provided below, the Clerk of the Court is requested to enter this dismissal and release in the official docket.

13. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that this Court shall retain jurisdiction to enforce the terms of this settlement.

```
                                        (As Authorized 9/9/08)
Dated: September 9, 2008.         /s/ Eugene Esquivel
                                  EUGENE ESQUIVEL
                                  Plaintiff (original signature
                                  retained by USAO)


Dated: September 9, 2008.         SAWL & NETZER
                                  (As Authorized 9/9/08)

                            By:   /s/ H. Ronald Sawl
                                  H. RONALD SAWL
                                  Attorneys for Plaintiff

Dated: September 9, 2008.         McGREGOR W. SCOTT
                                  United States Attorney


                                  /s/ Benjamin E. Hall
                            By:   BENJAMIN E. HALL
                                  Assistant U.S. Attorney
                                  Attorney for the United States
```

**ORDER**

IT IS SO ORDERED.

```
Dated: 9/11/2008                  /s/ SANDRA M. SNYDER
                                  SANDRA M. SNYDER
                                  United States Magistrate Judge
```